## BUSHNELL vs. BROWN'S HEIRS.

APPEAL from the court of the third district.

4ns499
o108 213

MARTIN, J., delivered the opinion of the court. The plaintiff having obtained an injunction to an order of seizure and sale on the ground that the land sold him was deficient in quantity, and that he was disturbed in his possession of the premises by suit, and further that the sheriff levied without any previous notice to, or demand from him ; the injunction was dissolved, the court being of opinion he had not supported his allegations.

The case is before us on two bills of exceptions.

The one was taken to the opinion of the court, in refusing the plaintiff an order of survey claimed, to establish the deficiency to the legal extent.

*Acts of limitation do not apply to matters which are presented as exceptions.*

*An injunction which has been granted unadvisedly, will not be dissolved if it appear from the evidence that it must be issued again.*

The other to the introduction of a record showing a suit brought after the injunction was obtained.

The order of survey was refused because the plaintiff suffered one year to elapse without complaining of this deficiency.

We think the district judge erred. It is true the plaintiff could not have been heard on a suit against his vendors; but it does not follow that he could not use as a shield what he no longer could use as a weapon. *Qua temporalia sunt ad agendam, perpetua sunt ad excipiendum.*

Proceedings on injunctions are not carried on in the formal manner in which ordinary ones are conducted, but *summarily* the strict rules of pleadings are disregarded by the court. *Semper ad eventum furtivat.* It will take care that neither party be surprised or entrapped, but it disregards many obstacles to the attainment of justice. It will receive, as a ground of sustaining an injunction, that which would be sufficient to demand its instant restoration. It will not demolish to rebuild.

In the present case the plaintiff *being sued* had a right to resist the claim of his vendors;

if he did so before suit, he was in the wrong, and ought to be mulcted into costs; but it would be vain to dissolve the injunction, for it must be enforced. *Exnecias* vs. *Weiss, vol. 3,* 490.

East'n. District.<br>
*May,* 1826.<br>
BUSHNELL<br>
*vs.*<br>
BROWN'SHEIRS

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; the injunction reinstated, and the judge directed to grant the order of survey, and admit as evidence the record of the suit against the plaintiff, the defendant and appellee paying costs in this court.

*Watts & Lobdell* for the plaintiff.